IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 314-002 |
| | ) | |
| ANDRE COLITA WRIGHT | ) | |

### ORDER

Before the Court are the various pre-trial discovery motions filed by the parties. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief by October 20, 2014.

### GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with investigative reports, Defendant's criminal history, audio and video recordings, and other documentary materials as set forth in the First Certificate of Disclosure. (Doc. no. 173; doc. no. 226, p. 1.) Accordingly, the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's

file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 127.)

## MOTION FOR A BILL OF PARTICULARS

Defendant is charged with one count of Possession with Intent to Distribute Cocaine and one count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; he is also charged with twenty-one counts of Use of a Communication Facility in committing, causing, and facilitating the charged conspiracy, in violation of 21 U.S.C. § 843(b). Defendant filed this motion seeking from the government information concerning the exact time, date and place the alleged crimes as set forth in the indictment occurred; the exact manner in which Defendant is alleged to have participated in the charged conspiracy; the places at which each overt act on which the prosecution intends to rely at trial were allegedly performed; the specific nature of the acts Defendant is alleged to have personally performed; the identification of all of the persons present during each of the acts allegedly performed; the names of all witnesses who testified before the Grand Jury whether or not each witness testified from personal knowledge or through hearsay; whether the government obtained any information concerning the matters alleged in the indictment by means of electronic listening devices, wiretaps, telephonic tapes or other forms of electronic surveillance, and if so, the circumstances in each instance, giving the date, time, place and means used in obtaining such information; whether any leads or evidence procured by the government resulted from any search of any premises, personal property or vehicles owned by Defendant; whether the government performed or caused to be performed any scientific tests in connection with the

matters in the indictment; the identity of "others" wherever set forth in the indictment; and, the identity of any unindicted co-conspirators or co-racketeers known to the government. (Doc. no. 129, pp. 1-3.)

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (quoting United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such information need not be revealed in response to a motion for a bill of particulars. Warren, 772 F.2d at 837.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951

3

(5th Cir. 1987). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to a defendant at trial resulting in prejudice to his substantial rights. United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981). The indictment in the case is specific and supports each of the requisite elements of the charged offenses. In addition, the government has provided liberal discovery consisting of investigative reports, Defendant's criminal history, audio and video recordings, and other documentary materials as set forth in the First Certificate of Disclosure (doc. no. 173). Because the government appears to have provided all information essential for trial preparation by the defense, the Court **DENIES** Defendant's motion. (Doc. no. 129.)

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 130.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motion to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

### MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

The Court **GRANTS** this motion. (Doc. no. 131.) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven days prior to trial, a list of questions which they desire to ask prospective jurors.

### MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE

In this motion, Defendant seeks the disclosure of all electronic surveillance. The government deems this motion satisfied by its liberal discovery policy and states audio and video recordings have already been provided as set forth in the First Certificate of Disclosure. (Doc. no. 173; doc. no. 226, p. 1.) In light of the government's liberal discovery policy and the disclosure that copies of such information have been made available, the motion for disclosure of electronic surveillance is **MOOT**. (Doc. no. 133.)

### MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant is **DENIED**. (Doc. no. 136.) The Court ordered that all motions in this case were to be filed by August 4, 2014. (See doc. no. 126, p. 2.) A motion may not be filed outside the deadlines set at arraignment except by leave of court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e). This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

### MOTION FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant

intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide liberal discovery and the unopposed nature of the request, the Court **GRANTS** this motion (doc. no. 225), and any information not yet furnished shall be provided to the government no later than fourteen days prior to trial.

SO ORDERED this 14th day of October, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA