IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANDRE COLITA WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-045 |
| | ) | (Formerly CR 314-002) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Andre Colita Wright, an inmate at FCI Estill in Estill, South Carolina, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, Petitioner's motion to appoint counsel be **DENIED AS MOOT** (doc. no. 2), and this civil action be **CLOSED**.

I.  **BACKGROUND**

On May 7, 2014, the grand jury in the Southern District of Georgia charged Petitioner and nine co-defendants in a fifty count indictment that also included a forfeiture allegation. United States v. Wright, CR 314-002, doc. no. 39 (S.D. Ga. May 7, 2014) (hereinafter "CR 314-002"). The superseding indictment named Petitioner in Count One, Possession with Intent to Distribute Cocaine Hydrochloride, in violation of 21 U.S.C. § 841(a)(1), in Count

Two, Conspiracy to Possess with Intent to Distribute Cocaine Hydrochloride and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), and in Counts 21, 22, 24-27, 31, 35, 37 through 47, 49, and 50, Use of a Communication Facility to Facilitate a Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. Id.

On October 21, 2014, Petitioner, represented by retained attorney C. Mitchell Warnock, Jr., pled guilty to Count Two, Conspiracy to Possess with Intent to Distribute Cocaine Hydrochloride and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). Id., doc. nos. 250, 253, 256.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at VI, and Guideline imprisonment range at 188 to 235 months. PSI ¶ 70. Petitioner was found to be a career offender under U.S.S.G. § 4B1.1(a) because he was at least eighteen years old at the time of the offense of conviction, his offense conviction was a felony controlled substance offense, and Petitioner had at least two prior convictions either for a crime of violence or a controlled substance offense. PSI ¶ 33. The statutory maximum term of imprisonment for conviction of the offense of Count Two was twenty years. 21 U.S.C. §§ 846 and 841(b)(1)(C); PSI ¶ 69.

On March 31, 2015, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 120 months imprisonment. Id., doc. nos. 310, 328. Judgment was entered on April 1, 2015 and an amended judgment correcting a clerical error was entered April 21, 2015. Id. Petitioner did not file a direct appeal.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that the ruling in Johnson entitles him to be resentenced. Petitioner does not contend he was sentenced under the statutory provisions of the ACCA but instead argues for the extension of Johnson to his sentence that was imposed under a provision of the advisory sentencing Guidelines. (See generally doc. no. 1.)

## II. DISCUSSION

### A. Petitioner Is Not Entitled to Relief Under Johnson.

As set forth above, Petitioner was sentenced as a career offender under § 4B1.1 of the advisory sentencing guidelines due to two prior serious drug convictions. PSI ¶¶ 33, 38, 40. Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett,

802 F.3d 1185, 1194 (11th Cir. 2015).[1] This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause, Johnson is inapplicable and does not reset Petitioner's one-year statute of limitations.

Further, Petitioner's designation as a career offender did not result in a higher guidelines range of imprisonment. Without the career offender enhancement, Petitioner had an offense level of 34 and criminal history category of VI. PSI ¶¶ 32, 47. With the enhancement, Petitioner had the same offense level and criminal history category. PSI ¶¶ 33, 48. Thus, even if this Court were to grant Petitioner the relief that he seeks, he would receive the same guidelines range of imprisonment and be entitled to the same sentence, making his claim moot.

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

---

[1] The Eleventh Circuit's holding that Johnson does not apply to the residual clause of the career offender enhancement under § 4B1.2 of the Sentencing Guidelines is currently under review by the Supreme Court. See Beckles v. United States, No. 15-8544, 2016 WL 1029080, at *1 (U.S. June 27, 2016).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA